# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JAMES R. ROSENBERGER, BAR NO. 1047.

No. 71413

FILED

MAY 23 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation that attorney James R. Rosenberger be suspended from the practice of law in Nevada for six months and one day based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), and RPC 8.1(b) (bar admission and disciplinary matters). The hearing panel also has recommended that Rosenberger be required to complete six additional hours of continuing legal education (CLE) in law office management as a condition of reinstatement, and that he be required to reimburse the client and pay the costs of the disciplinary proceedings. No briefs have been filed and this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Rosenberger committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

17-17295

Rosenberger was retained by a client in a personal injury case and received payment for his services from the client's insurance company in February 2015. Though $2,475 of the amount paid by the insurance company was intended for the client as reimbursement for fees paid to Rosenberger, Rosenberger deposited all of the funds into his operating account, did not tell the client that he received them, and ignored the client's repeated requests for information about whether he received the reimbursement funds to which the client was entitled. As of the August 2016 disciplinary hearing, Rosenberger had failed to disburse the funds to the client. Rosenberger also failed to respond to numerous investigative inquiries by the State Bar from September 2015 to January 2016 and failed to timely respond to the formal complaint filed in March 2016.

The panel found that Rosenberger violated RPC 1.3 (diligence) by failing to diligently investigate and address his client's request for reimbursement of funds; RPC 1.4 (communication) by failing to timely respond to his client's requests for information about the funds; RPC 1.15 (safekeeping property) by intentionally commingling client monies with personal and business funds; and RPC 8.1(b) (bar admission and disciplinary matters) by failing to respond to the State Bar's demands for information or provide a timely response to the complaint. We defer to the hearing panel's findings of facts in this matter as they are supported by substantial evidence and are not clearly erroneous. Based on those findings, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Rosenberger violated RPC 1.3, RPC 1.4, RPC 1.15, and RPC 8.1(b).

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we therefore "must . . . exercise independent judgment," the panel's recommendation is

SUPREME COURT
OF
NEVADA

(O) 1947A

persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Rosenberger violated duties owed to his client (diligence, communication, safekeeping property) and to the legal profession (failing to respond to lawful requests for information from a disciplinary authority). The record supports the hearing panel's finding that Rosenberger knowingly violated the rules of professional conduct. The violations resulted in injury to his client, who has been deprived of money to which he is entitled, and to the legal profession, which relies on the self-regulating disciplinary system. The record supports six aggravating circumstances (prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, refusal to acknowledge the wrongful nature of conduct, and substantial experience in the law) and one mitigating circumstance (character or reputation). *See* SCR 102.5.

Considering all of these factors, we agree that a suspension is warranted, *see* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.12, 4.42, & 7.2 (2016), but we are not convinced that a six-month-and-one-day suspension is sufficient to serve the purpose of attorney discipline—i.e., to protect the public, the courts, and the legal profession, *see State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Rosenberger's current violations reflect a consistent and continuing pattern of misconduct. He has been disciplined on at least

four prior occasions for failing to timely respond to the State Bar's requests for information in relation to client grievances. His most recent disciplinary matter, which involved a failure to diligently litigate a case for his client causing a judgment of more than $23,000 to be entered against the client, resulted in a stayed suspension of six months and one day and a one-year probationary period. *In re Discipline of Rosenberger*, Docket No. 67396 (Order Approving Conditional Guilty Plea Agreement, September 29, 2015). He agreed to the stayed suspension and probation in that matter in December 2014, yet only months later he violated several rules of professional conduct in the instant matter when he deposited the client funds in his operating account and failed to disburse those funds to the client. Moreover, his failure to respond to the State Bar's disciplinary inquiries and to timely respond to the State Bar's formal complaint in this action occurred while he was on probation. Though the injury here is not as substantial as in the previous disciplinary action, it is readily apparent that the progressive disciplinary steps have not been successful. Therefore, in light of Rosenberger's disciplinary history and pattern of misconduct, a one-year suspension is warranted not only to protect the public but also to impress on Rosenberger the inappropriateness of his conduct.

Accordingly, we hereby suspend attorney James R. Rosenberger from the practice of law in Nevada for a period of one year commencing from the date of this order. Rosenberger shall pay the costs of the disciplinary proceedings in the amount of $1,998.10, within 30 days from the date of this order. Rosenberger shall also, prior to applying for reinstatement, reimburse the client in the amount of $2,475 plus interest incurred from February 17, 2015 (the date Rosenberger deposited the reimbursement checks into his own account), and complete six additional

SUPREME COURT
OF
NEVADA

(O) 1947A

4

hours of CLE specifically relating to law office management. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

CHERRY, C.J., and GIBBONS, J., dissenting:

We agree with the hearing panel's recommendation and would impose a six-month-and-one-day suspension. Therefore, we dissent.

_____, C.J.
Cherry

_____, J.
Gibbons

 

cc: Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court